UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NICHOLAS GEORGE,

    Plaintiff,

v.                                                         Case No: 8:16-cv-2030-T-36JSS

GAYLOR ELECTRIC, INC.,

    Defendant.
_____/

## **ORDER**

THIS MATTER is before the Court on Plaintiff's Motion to Compel ("Motion") (Dkt. 24), and Defendant's response in opposition (Dkt. 27). For the reasons that follow, the Motion is denied.

## **BACKGROUND**

Plaintiff sues Defendant, his former employer, for violations of the Americans with Disabilities Act and the Florida Civil Rights Act, and for unpaid wages. (Dkt. 18.) Plaintiff alleges that after requesting leave to seek treatment for his disability on April 27, 2016, Defendant unlawfully denied Plaintiff's request and terminated Plaintiff on May 9, 2016. (*Id*. ¶¶ 17–21.)

In the Motion, Plaintiff seeks an order compelling Defendant to produce documents relating to "corporate travel of those who were involved in the decision to terminate Plaintiff," and awarding Plaintiff reasonable costs and attorneys' fees incurred in bringing the Motion. (Dkt. 24.) Specifically, Plaintiff seeks "any and all documents showing planned or actual travel to Florida by Company management other than Plaintiff who were involved in the decision to terminate Plaintiff, from April and May 2016. Including calendars, plane tickets, reservations, e-mails, or

correspondence." (Dkt. 24 at 3–4; Dkt. 24-1.)[1] This request seeks information, Plaintiff argues, important to establishing a timeline and supporting his discrimination and retaliation claims. (Dkt. 24 at 4.)

Defendant objected to this request on the bases that it is vague, overly broad, unduly burdensome, and seeks irrelevant information. (Dkt. 24-2.) Plaintiff argues that these objections are impermissible boilerplate objections. (Dkt. 24 at 4.) Further, Plaintiff argues that the request is not vague because it asks for specific types of documents and is not overly broad because it asks for the travel plans "of no more than three employees" for a two-month period. (*Id.* at 5.)

In response to the Motion, Defendant contends that this request does not seek relevant information, and that Plaintiff's arguments regarding relevancy are conclusory. (Dkt. 27.) Specifically, Defendant argues that Plaintiff "has not alleged nor raised any issue as to whether or not the decision-makers were in Florida in April 2016 or May 2016 and what the relevance of their physical presence in Florida has to his termination." (*Id.* at 6.) Further, Defendant argues that, through depositions, Plaintiff has learned that two decision-makers were in Florida meeting with clients in April 2016, and that Plaintiff's former supervisor traveled to Florida to terminate Plaintiff on May 9, 2016. (*Id.*) Also, Defendant states that it has produced emails Plaintiff exchanged with decision-makers while employed by Defendant between January and May 2016, which "show how events were unfolding in real time when managers were communicating with Plaintiff about their visits to Florida during that entire period." (*Id.*) Finally, Defendant contends that Plaintiff can seek information concerning the termination decision during upcoming depositions of two decision-makers. (*Id.*)

---

[1] After the parties conferred, Plaintiff narrowed the scope of this request from Plaintiff's original request. (Dkt. 24 at 3; Dkt. 24-1.)

**APPLICABLE STANDARDS**

The court has broad discretion to compel or deny discovery. *Josendis v. Wall to Wall Residence Repairs, Inc*., 662 F.3d 1292, 1306 (11th Cir. 2011). Through discovery, parties may obtain materials that are within the scope of discovery, meaning they are nonprivileged, relevant to any party's claim or defense, and "proportional to the needs of the case," which requires consideration of the following factors: (1) "the importance of the issues at stake in the action," (2) "the amount in controversy," (3) "the parties' relative access to relevant information," (4) "the parties' resources," (5) "the importance of the discovery in resolving the issues," and (6) "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

"[A] party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). If the motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, "the court must not order this payment if "the opposing party's nondisclosure, response, or objection was substantially justified," or there are "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii)–(iii).

**ANALYSIS**

Plaintiff is correct that "[b]oilerplate objections such as 'the request is overly broad, unduly burdensome, and outside the scope of permissible discovery' are insufficient without a full, fair explanation particular to the facts of the case." M.D. Fla. Discovery Handbook § III.A.6 (2015). Plaintiff, however, has not shown how the documents evidencing the decision-makers' actual or

planned travel to Florida are relevant to his claims against Defendant or Defendant's defenses. Plaintiff alleges that Defendant willfully failed or refused to engage in discussions with Plaintiff about his request for an accommodation, willfully failed to provide him an accommodation, and retaliated against Plaintiff by terminating him. (Dkt. 18.) In the Motion, Plaintiff argues in a conclusory fashion that the documents he seeks are "important to establish a time line and to support the discrimination and retaliation claims alleged in Plaintiff's First Amended Complaint." (Dkt. 24 at 4.) Plaintiff has not shown how documents such as calendars, plane tickets, or correspondence relating to the decision-makers' travel to Florida in April and May 2016 are relevant to his allegations. Specifically, Plaintiff makes no allegations about the decision-makers' travel to Florida, and Plaintiff has failed to demonstrate that specific documents evidencing such travel are relevant to his claims. *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570 (11th Cir. 1992) ("Discovery should be tailored to the issues involved in the particular case.").

Accordingly, while the "Federal Rules of Civil Procedure strongly favor full discovery whenever possible," *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985), the Court finds that this request seeks documents outside the scope of discovery. Fed. R. Civ. P. 26(b)(1), (b)(2)(C)(iii) (providing that "the court must limit the frequency or extent of discovery" if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)"). Further, to the extent Plaintiff contends these documents will help establish a timeline of events, it appears that Plaintiff has or will obtain discovery, in the form of Defendant's previous production and in past and scheduled depositions of decision-makers, to establish a timeline. Therefore, the requested discovery appears to be cumulative of other discovery. Fed. R. Civ. P. 26(b)(1), (b)(2)(C)(i).

Accordingly, it is **ORDERED** that the Motion (Dkt. 24) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, on April 21, 2017.

                                          JULIE S. SNEED
                                 UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record